# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JONATHAN WADE DUNNING, <br><br> Defendant. | MEMORANDUM ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING APPEAL <br><br> Case Number: 14-cr-382 |

This matter is before the Court on Defendant Jonathan Wade Dunning's Motion for Bond Pending Appeal. According to Defendant, he has satisfied the statutory requirements set forth in 18 U.S.C. § 3143 and *United States v. Giancola*, 754 F.2d 898 (11th Cir. 1985). The Government opposes the motion arguing that Defendant has not met his burden under any of the statutory elements. Having heard oral argument and reviewed the parties' briefs together with all relevant material and legal authorities, the court DENIES Defendant's motion for bond. The Court's reasoning follows:

## I. BACKGROUND

On June 17, 2016, following a 17-day trial, Defendant was convicted of 98 of 112 charged counts, including conspiracy, wire fraud, bank fraud, and money laundering. On October 14, 2016, Defendant was sentenced to 216 months in custody, to be followed by 60 months of supervised

release.  Defendant filed the present motion for bond pending appeal on October 19, 2016.  The Court heard oral argument on November 18, 2016.[1]

## II.   LEGAL STANDARD

Pursuant to the 1984 Bail Reform Act, a court must deny bail pending appeal unless, by clear and convincing evidence, it finds the following: that the Defendant is not likely to flee or pose a danger to the community; that the appeal is not made for the purpose of delay; and that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a decreased term of imprisonment, or no imprisonment. 18 U.S.C. § 3143(b).  In the Eleventh Circuit, a "'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous.  It is a 'close' question or one that very well could be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).  An issue is not substantial solely because it is without controlling precedent; it could be "so patently without merit that it has not been found necessary for it to have been resolved," or there may be "no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits." *Id*.  There are no "blanket categories" for what constitutes a substantial question, and courts must engage in a case-by-case analysis. *Id*.  Ultimately, however, a defendant's "conviction is presumed correct and the burden is on the convicted defendant to overcome that presumption." *Id*.  The Defendant must demonstrate that he satisfies each of the statutory elements set forth in 18 U.S.C. § 3143 by clear and convincing evidence. *Id*.

---

[1] At the November 18, 2016 hearing, the Court changed Defendant's reporting date from November 29, 2016 to January 11, 2017, after learning that on November 3, 2016, Defendant had been taken into custody on a contempt charge relating to a Jefferson County family court case.  Having heard the recording of the family court proceeding, the Court does not find that Defendant violated any of this Court's orders.  The Court therefore moved Defendant's reporting date in the instant case.

III.    DISCUSSION

A. LIKELIHOOD OF FLIGHT AND DANGER TO THE COMMUNITY

Defendant, in his motion, contends that he is not likely to flee and that he does not pose a danger to the community. Dkt. 326 at 6-7 (citing 18 U.S.C. § 3143(b)(A)). Defendant has "complied with all Court ordered conditions of release to date." *Id*. at 6 (quoting Amended Presentence Report, ¶ 16). Further, Defendant asserts, he has substantial ties to the community, including living with his wife and two of his children, and providing care for his elderly parents. *Id*. at 6-7. Moreover, Judge Putnam recently determined that he qualifies for appointed counsel under the Criminal Justice Act. Thus, Defendant points out, a court has already found that he has no substantial assets that would allow him to flee. *Id*. at 6-7; Dkt. 338 at 7. The Government, in its opposition, argues that Defendant's compliance with conditions prior to sentencing "is of limited relevance now that he has received a sentence of 18 years' imprisonment." Dkt. 335 at 3. Further, the Government asserts, Defendant's ties to the community cannot, alone, overcome the presumption the Defendant is currently a risk of flight. *Id*. at 4. The Government does not contest that Defendant does not pose a threat to the community. *See id*.

Given Defendant's extensive family ties to the community, his continued compliance with Court-ordered conditions, Judge Putnam's determination regarding his lack of assets, and the absence of any prior criminal convictions, the Court finds by clear and convincing evidence that Defendant is unlikely to flee and does not pose a danger to the community. *See* Presentence Investigative Report, 41-51. Thus, Defendant satisfies the requirements set forth in § 3143(b)(A).

B. PURPOSE OF DELAY

Defendant next argues that, as evidenced by his having diligently-defended this matter, his appeal is not taken for the purpose of delay. Dkt. 326 at 7 (citing 18 U.S.C. § 3143(b)(B)). The

Government, in its opposition, half-heartedly argues that Defendant does not satisfy his burden because nearly two years have elapsed since the Superseding Indictment was filed. Dkt. 335 at 6-7. Here, however, the Government cites to cases that are inapposite. *See id*. at 6 (citing *United States v. Pavlisak*, 1991 WL 111232 at *5 (N.D.N.Y. Apr. 25, 1991) (defendant pled guilty), and *United States v. Mayo*, 2000 WL 190573, at *3 (E.D. Pa. Feb. 3, 2000) (same)). In the instant case, the record clearly demonstrates Defendant's repeated, earnest attempts at defending the charges against him. *See, e.g.*, Def's. Mot. to Dismiss, Dkt. 89; Def's. Mots. to Compel, Dkts. 93, 103, 140; Def's. Mot. to Strike, Dkt. 118; Def's. Mot. for Relief, Dkt. 177. Accordingly, the Court finds by clear and convincing evidence that Defendant's appeal is not for the purpose of delay. Thus, Defendant satisfies the first requirement set forth in § 3143(b)(B).

C. SUBSTANTIAL QUESTION OF LAW

Defendant next argues that his motion raises several substantial questions of law. Dkt. 336 at 8-17. Specifically, Defendant asserts that 10 of the Court's rulings constitute close questions under *Giancola*. *Id*. By way of example, the Court addresses here only those it finds comes closest—but ultimately fail—under the standards set forth in *Giancola*: the Court's denial of Defendant's motion to strike Jimmy Lacey's posthumous designation as an unindicted co-conspirator; and the Court's exclusion of the investigating agents' testimony.[2] Dkt. 326 at 8-9, 11-14.

---

[2] Defendant also asserts that the following rulings raise a substantial question of law: the Court's denial of his motion to dismiss; the Court's exclusion of a key witness; the Court's allowance of Mollica's voir dire to be conducted outside of the presence of the jury; and the Court's allowing testimony regarding the financial harm suffered by BHC, Defendant's "control" over particular actors, and the grand jury testimony of White—as well as the Government's failure to comply with *United States v. Takhalov*, 827 F.3d 1307 (11th Cir.), *as revised* (Oct. 3, 2016), *opinion modified on denial of reh'g*, 838 F.3d 1168 (11th Cir. 2016), and its failure to offer sufficient proof to support a conviction. Dkt. 326 at 8-17.

4

Regarding Lacey's designation as an unindicted co-conspirator, Defendant asserts that the Government designated him in January 2016—weeks after it had disclosed a list of co-conspirators that did not include Lacey. *Id.* at 8-9.  Moreover, Defendant asserts, the designation came just days after Lacey died. *Id.* at 9.  Defendant, in his previous motion to strike, argued that Lacey's late designation violated his right to a fair trial because the Government should have identified Lacey in its earlier disclosures, as it had not received any new information about Lacey between those disclosures and the designation. Dkt. 118.  The Court denied Defendant's motion, finding that the designation was proper and the timing explanations provided by the Government were sufficient because Defendant was unable to show that the delay in the disclosure of Lacey was prejudicial. *See* Order Denying Defendant's Motion to Strike, Dkt. 141.  Here, too, Defendant asserts that the late designation "dramatically impaired Defendant's ability to defend himself in relation to Lacey's statements." Dkt. 326 at 9.  Ostensibly, Defendant argues, he was unable to interview Lacey post-designation and pre-trial; and was, of course, unable to cross-examine Lacey concerning the many statements admitted pursuant to Fed. R. Evid. 801(d)(2)(E). *See id.*  The Government, in its opposition, asserts that the designation came five months before trial. Dkt. 335 at 10.  Thus, the Government argues, Defendant did not suffer any prejudice because he had sufficient time to prepare his defense in relation to Lacey's statements. *Id.*  Moreover, the Government asserts, Defendant does not "try to defend the merits" of his argument, nor does he explain the error in the Court's earlier denial of his motion to strike. *Id.* at 10-11. Accordingly, the Government argues, Defendant does not meet his burden under *Giancola* of demonstrating that this will be a close question on appeal. *Id.* [3]

---

[3] Defendant, in his motion, additionally argues that the Government's posthumous designation "tactic" is "unprecedented," and thus *per se* substantial. Dkt. 326 at 9.  Defendant is incorrect. *See United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985) (an issue is not substantial solely because it is without controlling precedent).

5

The Court acknowledges that certain of Lacey's statements, admitted pursuant to Rule 801(d)(2)(E), were damning; and that the evidence adduced at trial indicated that Lacey was integrally involved in parts of the charged scheme. However, as explained in the Court's Order denying Defendant's motion to strike, the Government provided sufficient reasons for the late but proper designation. *See* Dkt. 141; *see also United States v. Burkhalter*, 735 F.2d 1327, 1329 (11th Cir. 1984) (in reviewing Rule 16 challenges, district court should consider amount of prejudice resulting from failure to disclose; reason for nondisclosure; extent to which harm caused by nondisclosure was mitigated by subsequent events; the weight of the properly-admitted evidence supporting guilt; and other relevant factors). The sole question is one of delay; the admissibility of Lacey's statements are not at issue. Indeed, Lacey's admitted statements were classic co-conspirator statements that the Court continues to find were properly admitted. *See, e.g.*, *Bourjaily v. United States*, 483 U.S. 171, 183-84 (1987) ("co-conspirators' statements, when made in the course and in furtherance of the conspiracy, have a long tradition of being outside the compass of the general hearsay exclusion [and] the Confrontation Clause does not require. . . an independent inquiry into the reliability of statements that satisfy the requirements of Rule 801(d)(2)(E)"); *United States v. Alvarez*, 755 F.2d 830, 855 (11th Cir. 1985) ("[t]he test for admissibility of coconspirator hearsay is well established in this circuit"). Additionally, a district court's admission of co-conspirator statements is subject to the "clearly erroneous" standard of review on appeal. *Alvarez*, 755 F.2d at 855. Thus, the Court finds that Lacey's designation as a co-conspirator will not be a close question on appeal. Accordingly, Defendant does not meet his burden under *Giancola*.

Regarding the exclusion of the investigating agents' testimony, Defendant asserts that he subpoenaed and otherwise properly designated the investigating agents as defense witnesses. Dkt.

6

326 at 11. Moreover, Defendant asserts, the relevant agencies agreed to make the agents available to testify about a limited set of issues. *Id*. Nevertheless, Defendant asserts, the Court excluded their testimony in full, even after Defendant made a proffer concerning the significance of their testimony. *Id*. Defendant previously proffered—and continues to assert in his motion—that he would have asked the agents various questions about their "failure" to interview Defendant and otherwise conduct a full investigation; whether they used intimidating tactics during their interactions with certain witnesses; and about certain statements made by Lacey and Sheila Parker. *See id*. at 11-14. Defendant argues, this testimony was vital to Defendant's theory of the case that, *inter alia*, Parker and others—and not Defendant—were responsible for the charged conduct. *See generally id*. The Government, in its opposition, asserts that Defendant's primary objective in calling the agents was to "try to suggest deficiencies in their investigation and to probe prosecutors' charging decisions." Dkt. 335 at 13. Thus, the Government asserts, such questioning would have confused and misled the jury, and would have resulted in a "mini-trial" on the investigation. *Id*. Accordingly, the Government argues, the testimony was properly excluded. *Id*. (citing *United States v. Sterlin*, 2012 WL 1001969, at *4 (11th Cir. 2012) (stating that "[t]he law does not impose a requirement that the police employ every investigative technique or forensic test available to them when they conduct a criminal investigation," and affirming refusal to instruct jury that an [i]nadeqaute or incomplete investigation by the prosecution may support an inference adverse to the prosecution.")) Moreover, the Government asserts, the Court's ruling is "within the broad realm of judicial discretion and will not be reversed absent an abuse of discretion." *Id*. at 11 (quoting *United States v. Adair*, 951 F.2d 316, 320 (11th Cir. 1992)). According to the Government, therefore, the Court's having excluded the agents' testimony will not be a close question on appeal. *Id*. at 13-16.

7

The Court agrees with the Government that Defendant's proffered questions—both in his earlier and current motions—would have been confusing, misleading, and otherwise improper. Specifically, in relevant part, Defendant, in his motion, essentially asserts that he needed to call the agents in order to complete impeachment of Parker. *See* Dkt. 326 at 11-12.  Defendant, did not, however, ask Parker the requisite impeaching question; thus, there was no impeachment to complete.  Similarly, Defendant, in his motion, asserts that he would have questioned the agents about the Government's exhibit reflecting an email from Lacey to Defendant titled, "For the Record," without proffering how and why he believes the agents knew anything about the title or subject of the email. *See id*. at 12.  Accordingly, the Court continues to find that its exclusion of the agents' testimony was proper. *See, e.g*., *Sterlin*, 2012 WL 1001969, at *4; *United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir. 1999) (upholding trial court's refusal to allow defendant "to question [a witness] about a statement [the defendant] made during the arrest"); *United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985) (holding that "the defense could not elicit, through cross-examination of [a government agent], [defendant's] allegedly exculpatory statements" because doing so would have been put "before the jury without subjecting [defendant] to cross examination").  Additionally, as stated above, the Court's ruling is subject to an abuse of discretion standard. *See United States v. Adair*, 951 F.2d 316, 320 (11th Cir. 1992).  Thus, the Court finds that its exclusionary ruling will not be a close question on appeal.  Accordingly, Defendant does not meet his burden under *Giancola*.

Ultimately, Defendant does not raise—let alone argue—that any of his asserted issues make reversal, an order for a new trial, or reduced sentence "likely" as required by § 3143(b)(B).  For this and the reasons stated above, therefore, Defendant has not satisfied the requirements of § 3143 and the standards set forth in *Giancola*.  Accordingly, Defendant's motion is denied and

Defendant is to report to custody on January 11, 2017, as ordered by this Court on November 18, 2016.

IT IS SO ORDERED.

DATED this 19th day of December, 2016.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE