IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| vs.   ) | Case No. 2:14-cr-382-BJR-TMP |
| ) | |
| JONATHAN WADE DUNNING,   ) | |
| ) | |
| Defendant.   ) | |

MEMORANDUM OPINION

Following the conviction of the defendant, Jonathan Wade Dunning, the court entered an <u>Order of Forfeiture</u> on October 14, 2016 (Doc. 325), forfeiting to the government the defendant's interest in various pieces of real property, an automobile, and various bank accounts, subject to the right of third-parties to appear and make claims as to some or all of the forfeited property. The court found these assets were all proceeds of illegal fraudulent activity by the defendant upon which he was convicted, and entered a judgment of forfeiture against the defendant in the amount of $17,756,965.40. Four claims have been made for the property and accounts tentatively forfeited to the government. First, eCo Credit Union filed is claim as a secured lienholder in a 2011 Jaguar XLJ automobile, VIN SAJWA2GB5BLV06985, on December 12, 2016 (Doc. 346). Second, Branch Banking and Trust Company ("BB&T") filed its claim on December 14, 2016, as a

secured mortgagee in two parcels of real estate, described as:

> Parcel I
>
> Lot 1-A, in Block 854 and Lots 2-A and 5-A, Block 855, according to the Amended Map of McCullough Facial Surgery Clinic Survey, as recorded in Map Book 162, Page 18, in the Office of the Judge of Probate of Jefferson County, Alabama; and
>
> Parcel II
>
> Lot 1, according to the resurvey of Lot 1CA Carraway Methodist Health Systems Resurvey No. Three, as recorded in Map Book 232, Page 4, in the Probate Office of Jefferson County, Alabama.

(Doc. 347). A week later, on December 21, 2107, BB&T filed an amended claim to assert a claim in $11,488.17 (the "Funds") seized by the United States of America (the "United States") from BB&T Bank account x7321, held in the name of Synergy Real Estate Holdings, LLC, as well as the two parcels of real property. (Doc. 353).[1] On December 15, 2016, Dr. Sharon Waltz filed a claim, predicated upon $83,919.98 in back child support owed to her by the defendant. (Doc. 348). She asserted a claim in four pieces of real property, the 2011 Jaguar XJL, and the funds in three bank accounts, including that claimed by BB&T. Finally, on January 3, 2017, Hardjo Ali and Rini Han filed their claim as interested third parties in three parcels of real property identified only by their street addresses: 1600 Richard Arrington Jr. Boulevard South, 2401 15th Avenue North, and 1934

---

[1] BB&T filed an additional supplemental claim in these funds on December 22, 2016. (Doc. 354).

16th Avenue South, all in Birmingham, Alabama. (Doc. 357). These claims and related motions were referred to a magistrate judge for a report and recommendation concerning their resolution.

Several events have occurred since the referral of the claims. On February 9, 2017, the United States and eCo Credit Union filed their stipulation (Doc. 361) that eCo Credit Union is entitled to possession of the 2011 Jaguar XJL as a perfected purchase-money lienholder, subject to the resolution of the claim by Dr. Sharon Waltz. The government then filed its motions to dismiss the separate claims by Dr. Waltz and by Mr. Ali and Mr. Han. On February 26, 2017, Dr. Waltz filed her notice that she does not contest the government's motion to dismiss her claims (Doc. 375), and the next day, the magistrate judge filed his report and recommendation that Dr. Waltz's claims be dismissed with prejudice and that the Preliminary Forfeiture Order be amended by the court to recognize eCo Credit Union's right to take possession of the 2011 Jaguar XJL for purposes of conducting a commercially reasonable sale of the automobile. (Doc. 376). No objections have been filed with respect to this report and recommendation.

On March 1, 2017, the magistrate judge ordered claimants Ali and Han to respond to the government's motion to dismiss their claim, filed February 17, 2017. To date, they have not responded to the magistrate judge's order. The government's motion to dismiss their claim alleges that the claim is fraudulent, and

that Ali and Han have filed similar claims in other forfeiture actions around the nation without any factual support for the claim.  In light of the claimants' failure to respond to the magistrate judge's order, there is no factual support for their claim.  Aside from their simple assertion of a claim, they have offered no documents or other evidence establishing that they own a cognizable interest in the three parcels they claim.  They have not disputed the government's evidence that they have submitted similar unfounded claims in forfeiture actions from Arizona to Florida, and from Illinois to Maine.  Although their claim is signed under penalty of perjury, it does not "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."  21 U.S.C. § 853(n)(3).  The procedural requirements of § 853(n) are strictly construed to prevent frivolous claims.  United States v. Ginn, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (citing United States v. Edwards, No. 06-50127-01, 2007 WL 2088608, at *2 (W.D. La. July 20, 2007) (dismissing a third party petition that failed to specify the petitioner's legal interest in the subject property).  The instant petition is plainly deficient on its face, and the claimants have not responded to the chance the magistrate judge gave them to correct deficiency.  The claim by Ali and Han is due to be DISMISSED WITH PREJUDICE.

Finally, on March 29, 2017, the government and BB&T filed a joint motion for entry of a consent order settling the dispute between them concerning BB&T's claim to the two parcels of real property described above and to $11,488.17 in cash seized from a bank account used by the defendant.  Under the terms of the agreement reached, in return for BB&T's waiver of its claim to the cash, the government will not contest BB&T's status as an innocent lienholder with respect to the two described pieces of real property, and that BB&T may proceed with any rights or remedies it has under its loan documents.  This settlement is expressly subject to the dismissal of the claims of Dr. Waltz and Ali and Han.

With the uncontested dismissal of Dr. Waltz's claim and the dismissal of Ali and Han's claim, the court is left only with the agreed resolutions of eCo Credit Union's claim to the 2011 Jaguar XJL and BB&T's claim to the two parcels of real property.  The government and the remaining claimants agree that eCo Credit Union is entitled to possession and sale of the Jaguar, and BB&T is entitled to possession and sale of two parcels of real estate set forth in a proposed consent order annexed to the joint motion filed March 29, 2017 (Doc. 396).  BB&T has agreed to waive its claim to the approximate amount of $11,448.17 in cash seized from bank account no. X7321, held in the name of Synergy Real Estate Holdings, LLC.

The court hereby ADOPTS the magistrate judge's report and ACCEPTS his

recommendation that the claim by Dr. Waltz be dismissed and that the claim by eCo Credit Union be GRANTED.  By separate order, therefore, the court will DISMISS WITH PREJUDICE the claims of Dr. Sharon Waltz.  Further, the court will amend the preliminary Order of Forfeiture (Doc. 325) to GRANT the claim of eCo Credit Union to the 2011 Jaguar XJL, VIN SAJWA2GB5BLV06985, subject to the terms of the agreement between the government and eCo Credit Union in Doc. 361.

The court also hereby DISMISSES WITH PREJUDICE the claim by Hardjo Ali and Rini Han for failing to comply, after reasonable chances to do so, with the requirements of 21 U.S.C. § 853(n) that the claimants set forth, under penalty of perjury, the factual and legal basis of their claimed interest in the three pieces of real property put in issue by their claim.

Further, the court will GRANT the claim of Branch Banking & Trust Company to two pieces of real property, described as:

Parcel I

Lot 1-A, in Block 854 and Lots 2-A and 5-A, Block 855, according to the Amended Map of McCullough Facial Surgery Clinic Survey, as recorded in Map Book 162, Page 18, in the Office of the Judge of Probate of Jefferson County, Alabama; and

Parcel II

Lot 1, according to the resurvey of Lot 1CA Carraway Methodist Health Systems Resurvey No. Three, as recorded in Map Book 232, Page 4, in the Probate Office of Jefferson County, Alabama.

The court will DENY the claim by Branch Banking & Trust Company to the approximate amount of $11,488.17 in cash. The court will amend the preliminary Order of Forfeiture in the form and substance of the proposed order annexed to the joint motion (Doc. 396-1).

DONE this 5th day of April, 2017.

*Barbara J. Rothstein*

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE